UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
DENNIS VITA and FXR CONSTRUCTION, INC.,
*individually and on behalf of all others*
*similarly situated*,

                                              Plaintiffs,

                   -against-

GENERAL MOTORS, LLC,

                                              Defendant.
-----------------------------------------------------------------------X

For Online Publication Only

**ORDER**
20-CV-01032 (JMA) (ARL)

FILED
CLERK

9:20 am, Jun 02, 2023

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

Plaintiffs Dennis Vita and FXR Construction, Inc. ("FXR") bring this putative class action against Defendant General Motors, LLC ("GM") on behalf of themselves and other similarly situated consumers who purchased or leased certain GM vehicles for the model years 2010 through 2014 that suffered from an alleged engine defect. Vita and FXR assert the following claims against GM: (i) violation of the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. §§ 2301, et seq.; (ii) violation of N.Y. General Business Law § 349 ("Section 349"); (iii) breach of express warranty under N.Y. U.C.C. §§ 2-313, 2-a-210; (iv) breach of implied warranty under N.Y. U.C.C. §§ 2-314, 2-a-212; (v) fraudulent omission; and (vi) unjust enrichment.[1] (See Am. Compl. ¶¶ 154–218, ECF No. 30.)

On May 12, 2022, GM filed a motion summary judgment under Federal Rule of Civil Procedure 56(c). (ECF No. 40.) The Court referred the motion to Magistrate Judge Arlene R. Lindsay for a report and recommendation ("R&R"). (Electronic Order dated Oct. 20, 2022.)

---

[1] Vita and FXR bring the MMWA claim on behalf of a putative nationwide class. (Am. Compl. ¶¶ 144, 155.) They bring their remaining claims on behalf of a putative New York class. (Id. ¶¶ 145, 170, 179, 194, 202, 212.)

In a R&R issued on February 27, 2023, (ECF No. 58), Magistrate Judge Lindsay recommends that the Court grant GM's motion in part.  Specifically, Magistrate Judge Lindsay recommends that the Court dismiss, for lack of standing:  (i) all of Vita's claims, (ii) FXR's claim for injunctive relief under Section 349, and (iii) FXR's claim for violation of the MMWA on behalf of the putative nationwide class.  Magistrate Judge Lindsay also recommends that the Court grant summary judgment for GM as to FXR's claims for (i) violation of the MMWA, (ii) breach of express and implied warranties, and (iii) unjust enrichment.  However, Magistrate Judge Lindsay recommends that the Court deny GM's motion as to FXR's claims for (i) fraudulent omission and (ii) violation of Section 349.

GM objected to Magistrate Judge Lindsay's recommendation that the Court deny its motion in part.  (ECF No. 59, "GM Obj.")  FXR responded to GM's objections, but neither Vita nor FXR objected to Magistrate Judge Lindsay's recommendations.  (ECF No. 60.)

In reviewing a magistrate judge's report and recommendation, a court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s] [are] made."  28 U.S.C. § 636(b)(1)(C); see also United States ex rel. Coyne v. Amgen, Inc., 243 F. Supp. 3d 295, 297 (E.D.N.Y. 2017), aff'd sub nom. Coyne v. Amgen, Inc., 717 F. App'x 26 (2d Cir. 2017).  The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  Those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error.  See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

The Court finds no clear error in the portions of the R&R to which there are no objections.  Next, the Court turns to the portions of the R&R to which GM has objected.  The Court has undertaken a de novo review of the full record and applicable law, and the Court agrees with Magistrate Judge Lindsay's recommendations, except with respect to the recommendation that the

2

Court deny summary judgment on FXR's fraudulent omission claim.  For the reasons explained below, the Court will grant summary judgment for GM on this claim.

Under New York law, "omissions are actionable as a basis for claims of fraud 'only if the non-disclosing party has a duty to disclose.'"  Kyszenia v. Ricoh USA, Inc., 583 F. Supp. 3d 350, 368–69 (E.D.N.Y. 2022) (quoting Remington Rand Corp. v. Amsterdam-Rotterdam Bank, N.V., 68 F.3d 1478, 1483 (2d Cir. 1995)).  GM contends that FXR's fraudulent omission claim cannot survive summary judgment because GM did not owe a duty to FXR to disclose the alleged engine defect.  (GM Obj. at 3–5.)  According to GM, "New York courts only impose such a duty in an arms-length transaction on a seller with superior knowledge; an original equipment manufacturer who did not sell or engage in any direct transaction with plaintiffs has no duty to disclose." (Id. at 3–4 (citations omitted).)

In rejecting this argument, the R&R—and FXR—relies largely on Woods v. Maytag Co., 807 F. Supp. 2d 112 (E.D.N.Y. 2011), in which the court denied a motion to dismiss a fraudulent concealment claim brought by a consumer plaintiff against an oven manufacturer.  (R&R at 25–26.)  The Woods court explained that, "[a]lthough normally th[e] duty to disclose arises in the context of direct business transactions, courts have also imposed this duty on a manufacturer who has exclusive knowledge of a product defect or danger." Id. at 125 (collecting cases).

However, the Court finds other cases in this specific context—i.e., design defect-related claims brought against car manufacturers—more persuasive on this issue.  And in those cases, courts have determined that car manufacturers owed no duty to disclose defects to consumer plaintiffs.  For example, in Garcia v. Chrysler Grp. LLC, 127 F. Supp. 3d 212 (S.D.N.Y. 2015), the court dismissed the plaintiffs' fraudulent concealment claim because the plaintiffs had not adequately alleged a duty to disclose.  Specifically, the court reasoned that a duty to disclose arising from "superior knowledge" may only be "impose[d] . . . on a seller in an arm's-length transaction."

3

Id. at 237 (emphasis added).  Because the defendant car manufacturer "is not alleged to have sold plaintiffs their vehicles, or engaged in any direct transaction with them," the manufacturer had no duty to disclose the alleged design defect.  Id.  Likewise, in Boateng v. Bayerische Motoren Werke Aktiengesellschaft, No. 17-CV-00209, 2022 WL 4357555 (E.D.N.Y. Sept. 20, 2022), the court granted summary judgment on the plaintiff's fraudulent concealment claim because the plaintiff's evidence was insufficient to establish "the special or fiduciary relationship" necessary to give rise to a duty to disclose.  Id. at *24.  As the court explained, "[g]iven that the dealership where [plaintiff] purchased the [vehicle] is not a named defendant, the Defendants (respectively in the roles of distributor . . ., manufacturer . . ., designer/headquarters . . ., and holding company . . . ) and [plaintiff] thus sit farther apart than ordinary seller and buyer."  Id.

It is undisputed that here, as in Garcia and Boateng, GM did not engage in any direct transaction with FXR.  Like the defendants in Garcia and Boateng, GM manufactured the vehicle—it did not sell the vehicle to FXR.  GM and FXR "thus sit farther apart than ordinary seller and buyer."  Boateng, 2022 WL 4357555, at *24.  As a result, FXR has failed to establish a relationship between it and GM that would give rise to a duty to disclose.  Therefore, the Court grants summary judgment for GM on FXR's fraudulent omission claim.[2]

After conducting a de novo review of the full record (including the motion papers, R&R, and objections) and applicable law, the Court agrees with Magistrate Judge Lindsay's recommendations, except as set forth above, and therefore adopts the R&R, as modified, as the opinion of the Court.

---

[2]      To the extent that GM argues that FXR's failure to establish a duty to disclose is fatal to its Section 349 claim, this argument is unavailing.  See Chiarelli v. Nissan N. Am., Inc., No. 14-CV-4327, 2015 WL 5686507, at *12 (E.D.N.Y. Sept. 25, 2015) ("[A] business's failure to disclose to consumers material, relevant information the business alone possesses is actionable under [Section] 349 without reference to any special relationship between the consumer and the business. . . .  In other words, whether there is a legal duty is not the operative focus under [Section 349]." (internal quotation marks and citations omitted).)

4

Accordingly, GM's motion for summary judgment is GRANTED in part and DENIED in part.  The following claims are DISMISSED for lack of standing: (i) all of Vita's claims, (ii) FXR's claim for injunctive relief under Section 349, and (iii) FXR's claim for violation of the MMWA on behalf of the putative nationwide class.  The motion is GRANTED as to FXR's claims for (i) violation of the MMWA, (ii) breach of express and implied warranties, (iii) unjust enrichment, and (iv) fraudulent omission.  The motion is DENIED as to FXR's claim for violation of Section 349.

**SO ORDERED.**

Dated:  June 2, 2023
Central Islip, New York

/s/   (JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE